STATE OF MAINE                    SUPERIOR COURT
YORK, ss                          DOCKET NO. CV-08-313


LASALLE COMMERCIAL MORTGAGE     )
SECURITIES, INC. COMMERCIAL     )
MORTGAGE PASS-THROUGH           )
CERTIFICATES TRUST SERIES 2006- )
MF2                             )
                                )
                Plaintiff,       )         **STIPULATION AND ORDER**
                                )
        v.                       )
                                )
                                )
CITY OF BIDDEFORD, TIMOTHY      )
NELSON, AND ROBY FECTEAU        )
                                )
                Defendants.

This matter came before the court on the Plaintiff's Motion for Preliminary

Injunction and supporting affidavits. On November 26, 2008 a hearing on that motion

was commenced before the court. Prior to the completion of that hearing the parties

entered into separate discussions for the purpose of attempting to resolve the issues raised

by that motion. Based on those discussions, the parties hereto have agreed to the

following stipulation, which stipulation they agree may be issued as an order of this

court.

Specifically the parties stipulate and agree as follows:

1.      Neither the Plaintiff nor any successor-in-interest to the Plaintiff with

respect to property located at Nos. 8 and 15 Williams Court, Biddeford, Maine shall be

liable for any fine or judgment assessed against Ryan Priest in actions entitled City of

Biddeford v. Ryan Priest, Docket No. CV-07-406, Maine District Court for the Division

of Eastern York and City of Biddeford v. Ryan Priest, Docket No. CV-08-99, Maine

District Court for the Division of Eastern York and Defendants are permanently enjoined from seeking to impose such liability on the Plaintiff or any successor-in-interest.

2. As of the date of Court's issuance of its order pursuant to this stipulation, the buildings owned by the Plaintiff at Nos. 8 and 15 Williams Court, Biddeford, Maine shall be deemed to be lawfully existing non-conforming uses under the Biddeford land use ordinances. Such status as non-conforming uses shall continue for a period of nine (9) months from the date of entry of the order. If during that nine month period the Plaintiff or any successor in interest applies for and receives a building permit to restore, repair, r rehabilitate or correct alleged City Code violations in either building, such non-conforming use shall stay in effect for a period of one (1) year from the date of issuance of the permit to allow completion of such restoration, repair, rehabilitation or alleged Code violation correction of the building for which such permit was issued. If during the foregoing one (1) year period the occupancy of either of the buildings is restored, the non-conforming use shall thereafter continue with respect to such buildings.

3. In making this agreement the City does not waive its right to initiate a separate enforcement action against the Plaintiff or any successor-in-interest to the Plaintiff with respect to any alleged code violations in either of the buildings in issue. Any defenses to such separate action are similarly not waived.

4. Counts I, II, V and VI of the Complaint are hereby dismissed with prejudice and without costs to any party.

5. Plaintiff waives any claim to attorneys fees under state or federal law, including 42 U.S.C. § 1988, with respect to such Counts I, II, IV and VI and any actions

2

taken with respect to the Motion for Preliminary Injunction and hearing on that motion, including this stipulation and order. At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a)

Dated: January 7, 2009

John M.R. Paterson
Robert J. Crawford
Asha Echeverria
Counsel for Plaintiff, Lasalle
Commercial Mortgage Securities, Inc.

BERNSTEIN SHUR
100 Middle Street
PO Box 9729
Portland, ME 04104

Dated: 6 January 2009

Michael Saucier        #353
Counsel for Defendants,
City of Biddeford, Timothy Nelson, and
Roby Fecteau

THOMPSON BOWIE
Three Canal Plaza
PO Box 4630
Portland, ME 04112

Pursuant to the foregoing stipulation, it is so Ordered.

Dated: 1/13/09

Arthur Brennan
Justice, Superior Court

3